## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**ROBBIN l. BANISTER,**

    **Plaintiff**,

v.                                                              **No. 13cv536 WJ/ACT**

**DONALD REAMS,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER
## DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on pro-se Plaintiff Robbin L. Banister's *Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915* (hereinafter called "motion to proceed IFP"), filed June 7, 2013 (Doc. 2), and on the Court's concomitant obligation "to review the affidavit and screen her case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. The Court must "dismiss the case" if it determines that any of the conditions in § 1915(e)(2)(B) exist. *See* § 1915(e)(2); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)(A) & (B) are mandatory).

    **I.**    **Banister does not appear to meet the IFP requirements.**

IFP status should be granted only if a plaintiff demonstrates that she "cannot because of [her] poverty pay or give security for the costs . . . and still be able to provide [her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Banister, who is 48 years old and has no dependents, is, and has been, incarcerated for two years and she earns $20/month in a prison job. *See* Doc. 2 at 2. She also receives $600/month in SSI benefits. *See id.* Although she is incarcerated and the State provides her housing, food, and laundry needs, she purports to pay $300/month for rent, $1000/month for food; $2000/month for clothing; and $1000/month for laundry. *See id.* at 8-9. The Court concludes that these allegations of expenses are perjuries. The Court, therefore, concludes that Banister has failed to show that she cannot, because of her poverty, provide herself with the necessities of life and pay the filing fee. *See Adkins*, 335 U.S. at 339. Her motion to proceed IFP will be denied and her Complaint should be dismissed on that ground alone. *See* § 1915(e)(2)(A); *Trujillo*, 465 F.3d at 1217 n. 5. As set forth below, the Complaint must also be dismissed for more substantive reasons.

## II. Banister fails to invoke the Court's subject-matter jurisdiction.

Even if she were indigent, Banister has failed to state sufficient facts to invoke this Court's subject-matter jurisdiction over her claims. "Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994). "[T]he party pleading jurisdiction must allege in her pleading the facts essential to show jurisdiction." *Id.* (internal quotation marks omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3); *see Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. . .

. If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*.  Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.") (internal citations omitted); *see also Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) ("a district court should not assume the role of advocate for the pro se litigant, and may not rewrite a petition to include claims that were never presented") (citation and internal quotation marks omitted).

This case involves a landlord/tenant dispute occurring at least two years ago.  Banister states that Donald Reams improperly "changed the locks" on a house she was renting from him – but from which she was moving and had turned off the water because "it was not getting fixed." Compl. at 2.  She contends that Reams is a "slum landlord" who committed "Robbery" by changing the locks. *Id.* at 2-3.   Although she used a form the Court provides for filing civil-rights claims under 42 U.S.C. § 1983 and invokes the Court's jurisdiction only under 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983,  Banister left blank the question asking whether Reams acted "under color of state law." *See* Compl. at 1.  To invoke the Court's subject-matter jurisdiction under § 1983, a plaintiff must allege facts showing that "some person has deprived him of a federally protected right;" and "that the person who has deprived him of that right acted under color of state or territorial law."  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  Although she put the words "1st Amendment 8th Amendment" in the space for Count I, Banister's  allegations show that Banister is bringing only state-law breach-of-contract or tort actions against Reams, who is a private individual.   *See* Compl. at 2-3.

> [A] plaintiff's failure to properly allege a "state action" in a § 1983 complaint strips the district court of subject matter jurisdiction [] if jurisdiction is alleged under 28 U.S.C. § 1343(3). *See Elliott v. Chrysler Fin.*, 149 Fed. Appx. 766, 768-69 (10th Cir.2005); *see also Monks v. Hetherington*, 573 F.2d 1164, 1167 (10th Cir. 1978) ("There is no demonstration of state action and, therefore, no basis for civil rights jurisdiction [pursuant to 28 U.S.C. § 1343(3)] in the case at bar.").

*Mehdipour v. Matthews*, No. 10-6073, 386 Fed. App'x 775, 778 n.3, 2010 WL 2748802, *3 n.3 (10th Cir. July 13, 2010) (unpublished).  Because Banister has not alleged sufficient facts demonstrating that Reams is a state actor, she has failed to invoke this Court's subject-matter jurisdiction under § 1343(3) and § 1983, and her Complaint must be dismissed.  *See* FED. R. CIV. P. 12(h)(3); *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. . . . If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*.  Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.") (internal citations omitted); *see also Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) ("a district court should not assume the role of advocate for the pro se litigant, and may not rewrite a petition to include claims that were never presented") (citation and internal quotation marks omitted).   In addition, Banister's Complaint alleges that she and Reams both reside in New Mexico, *see* Compl. at 1-2, thus she alleges no facts to establish federal diversity jurisdiction.

**IT IS ORDERED THAT** Banister's motion to proceed IFP [Doc. 2] is DENIED and that her Complaint is dismissed without prejudice for lack of subject-matter jurisdiction.

_____
**UNITED STATES DISTRICT JUDGE**